UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY WILSON, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 23-1616-SDD-RLB**

**SAFECO INS. CO. OF OREGON**

## ORDER

Before the Court are Terry and Mary Wilson's ("Plaintiffs") Motion to Compel (R. Doc. 18) and Safeco Insurance Company of Oregon's ("Defendant") opposition. (R. Doc. 24).

On August 11, 2023, Plaintiffs sued Defendant in the 21st J.D.C. in Livingston Parish, Louisiana. (R. Doc. 1-2 at 4). Plaintiffs alleged Defendant was liable for its bad faith in handling an insurance claim by Plaintiffs because, although their home was badly damaged by Hurricane Ida, Defendant only found $11,169.94 of damage and paid only $5,907.69. (R. Doc. 1-2 at 6, 7). Defendant removed the case to this Court on November 21, 2023. (R. Doc. 1). The deadline for filing all discovery motions and completing all fact discovery was March 14, 2025. (R. Doc. 15).

On December 27, 2024, Plaintiffs served Defendant with Discovery Requests Numbers 1-42, requesting, in Request for Production ("RFP") No. 20, Defendant's "written policies, procedures, and claim handling practices for First Party claims [.]" (R. Doc. 18-6 at 9). Defendant objected to this RFP "as overly broad, unduly burdensome, and not proportional to the needs of the case[ and] as seeking confidential and proprietary information." (R. Doc. 18-7 at 12). Defendant gave no documents in response to RFP No. 20, and nothing further occurred.

On some unknown date prior to December 23, 2024, Plaintiffs served upon Defendant a notice of corporate deposition that requested, in Deposition Topic No. 5, documents relating to Defendant's "policies, practices, standards, guidelines and procedures, and facts, regarding claims handling, settlement, and compliance with the insurance code[,] limited to claims for

1

wind and/or hail damage to dwellings in the State of Louisiana in the past (three) 3 years." (R. Doc. 18-1 at 2). Defendant objected, on December 23, 2024, writing the following:

> Safeco objects to Topic No. 5 as overly broad, unduly burdensome, and not proportional to the needs of the case. *See, e.g., Baugh v. Voyager lndem. Ins. Co.*, No. 19-14275, 2020 WL 6163682, at *3 (E.D. La. Sept. 15*,* 2020) ("The Court cannot see how any other claims manual apart from the one used to evaluate plaintiff's claim is proportional to the needs of the case."). Safeco further objects to this topic as seeking confidential and proprietary information. Subject to those objections, Safeco will provide a corporate representative to testify only about "policies, practices, standards, guidelines and procedures," if any, used in the adjustment of plaintiffs' Hurricane Ida claim. As modified by Safeco's objections, Safeco considers Topic 5 duplicative of Topic 16.

(R. Doc. 18-5 at 4). After a phone call and some emails, Plaintiffs' and Defendant's counsel agreed Deposition Topic No. 5 would be "limited to Hurricane Ida homeowners claims in the State of Louisiana." (R. Doc. 18-8). On January 6, 2025, Plaintiffs sent Defendant a revised notice, seeking, in Deposition Topic No. 5, documents relating to Defendant's "Hurricane Ida homeowner's claims in the State of Louisiana in the past (three) 3 years." (R. Doc. 18-4 at 3). On January 30, 2025, the parties filed a joint protective order motion, noting that (i) Plaintiffs had issued a notice of corporate deposition, including requests for policies, practices, standards, guidelines, and procedures concerning the adjustment of insurance claims, (ii) they agreed to narrow the notice's requests to pertain to Defendant's "adjustment of Hurricane Ida homeowners claims in the State of Louisiana[,]" and (iii) a protective order was necessary before a response could be provided. (R. Doc. 16). After the motion was granted, Defendant sent Plaintiffs a document that was responsive to Deposition Topic No. 5 (the "Document"). (R. Docs. 17; 21).

> Yet, on February 14, 2024, Defendant's corporate representative stated the following:
>
> Q. Have you seen this document before?
> A. Yes, sir, I have.
> Q. Okay. I'm just going to scroll through a little bit. Was this policy and procedure in effect in 2021 or at the time that Hurricane Ida hit?

> A. I would not agree that it's a policy or procedure, but – but that was set out at the time.
> Q. All right. What would you call this document?
> A. Basically, just an overview of – of things that are – that an adjuster would want to be aware of in an – in an event like a hurricane. Like the California wildfires, like – like a major disaster. Then you have adjusters that are handling claims that maybe don't normally handle in that state. Even though they're licensed to, they're not used to it, so there's usually a document such as this. This is sent out that kind of points out state-specific things just as a reminder. The – the actual procedure or policy is the policy itself. That's the contract. So, that's what we follow with every claim. So, this would point out specifics to the policy, endorsements, things like that that an adjuster would want to make sure they're aware of. . . .
> Q. And again, this is a guide for Safeco employees working on Hurricane Ida claims?
> A. Well, it – it's – it's help. It's a tool for them to use to help them. It's – it's – again, I would disagree that it's a guide because we're trained from day one. The guide on the claim is the policy, the contract.
> Q. Okay. So, this – this document, [the Document], is not a policy or a procedure or a guide, correct?
> A. That is correct.

(R. Doc. 21-1). As a result of the above statements, a telephone conference[1] was held on March 13, 2025 during which Plaintiffs' counsel asked Defendant's counsel to supplement Defendant's "discovery responses with policies, practices, standards, guidelines and procedures, and facts regarding claims handling, settlement, and compliance that were in effect at the time of Hurricane Ida for Louisiana homeowner claims." (R. Doc. 18-10). Defendant's counsel replied that, although he understood a motion to compel might be filed, there were "no additional documents applicable to the adjustment of Hurricane Ida homeowners claims in Louisiana that [he] could produce." *Id.* Plaintiffs' counsel asked whether, if he agreed to limit RFP No. 20 "to Hurricane Ida homeowner's claims only," there would still be no responsive documents. *Id.* Defendant's counsel answered there would still be no responsive documents and clarified that the request would need to be "limited to Hurricane Ida homeowners claims in the state of Louisiana"

---

[1] This Court considers this conference to have been a Fed. R. Civ. P. 37 conference.

as this was the agreement in the joint protective order motion. *Id.* Plaintiffs' counsel replied "Thank you" on March 14, 2025 and filed the instant Motion to Compel. *Id.*

Through the Motion to Compel, Plaintiffs seek the "production of policies, practices, standards, guidelines and procedures *that were in place at the time of Hurricane Ida*." (R. Doc. 18) (emphasis added). Plaintiffs reproduce RFP No. 20 and Deposition Topic No. 5 in the Motion to Compel, but neither of these seek guidelines that "were in place at the time of Hurricane Ida." Plaintiffs' sole basis for this request, which this Court interprets as a narrowing of RFP No. 20, is Defendant's corporate representative stating the Document "is not a policy or a procedure or a guide[.]" (R. Docs. 18-1; 21-1). Defendant objects it has provided all documents responsive to the request for policies, practices, standards, guidelines, and procedures pertaining specifically to its "adjustment of Hurricane Ida claims in the State of Louisiana[,]" and that its representative's testimony fails to contradict this. Defendant also argues that, to the extent Plaintiffs are trying to alter the parties' agreed scope of discovery, the motion should be denied as Plaintiffs specifically agreed, in the joint protective order motion, to narrow their requests regarding guidelines and policies to pertain "to [Defendant]'s adjustment of Hurricane Ida homeowners claims in the State of Louisiana." (R. Doc. 16). Defendant further objects that (i) it may have reference materials that were in place at the time of Hurricane Ida that "have nothing to do with Hurricane Ida[,]" and (ii) no Fed. R. Civ. P. 37 ("Rule 37") conference was held regarding Plaintiffs' new request.

This Court first addresses Defendant's argument that Plaintiffs agreed to limit *all* their guideline and policy requests to be only for guidelines and policies "pertaining specifically to [Defendant]'s adjustment of Hurricane Ida homeowners claims in the State of Louisiana." This is incorrect. The joint protective order motion noted that such a limitation pertained to Plaintiffs'

4

notice of corporate deposition. (R. Doc. 16). No mention was made of Plaintiffs' interrogatories or RFPs, and these were not attached to Plaintiffs' notice of deposition.

Plaintiffs are therefore not barred from seeking the "production of policies, practices, standards, guidelines and procedures that were in place at the time of Hurricane Ida." (R. Doc. 18). This is the information Plaintiffs seek in their Motion to Compel, and this Court understands this request to be a narrowing of RFP No. 20 created as a result of numerous emails and conversations between the parties. (R. Docs. 18; 18-10).

A response to this revised version of RFP No. 20 need not be compelled, however, because Defendant's counsel has made clear that Defendant already provided all of the documents it has that would both be (i) responsive to Plaintiffs' request, and (ii) relevant to Defendant's handling of Hurricane Ida claims. Plaintiff has not demonstrated that any other documents would be relevant to this case or that responsive information is being withheld.

The fact that Defendant's corporate representative stated the Document was not a guide or policy does not entitle Plaintiffs to additional documents beyond those already provided by Defendant. This Court has no reason to believe Defendant has kept any relevant documents from Plaintiffs as it is clear Defendant's corporate representative were merely attempting to explain that the main guide Defendant's adjusters follow is the insurance policy relevant to a claim, not revealing that responsive documents had been kept from Plaintiffs. (R. Doc. 21-1).

Should there be any policies, practices, standards, guidelines and procedures that were in place at the time of Hurricane Ida, and would have been applicable to the adjustment of Plaintiff's claims, **those documents shall be produced within 7 days of the docketing of this order. If all such documents have already been produced, defense counsel shall certify this in writing to plaintiff's counsel.**

5

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 18) is **DENIED**, with the parties to pay their own costs and attorneys' fees.

Signed in Baton Rouge, Louisiana, on April 10, 2025.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**